UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE GRANDRIMO,

          Plaintiff,

vs.                                                     Case No. 8:10-CV-964-T-27MAP

PARKCREST HARBOUR ISLAND
CONDOMINIUM ASSOCIATION, INC. et al.,

          Defendants.
_____/

## ORDER

**BEFORE THE COURT** are: (1) Defendant USAA Casualty Insurance Company's Motion

to Dismiss (Dkt. 7), to which Plaintiff has responded (Dkt. 12); and Defendant Parkcrest Harbour

Island Condominium Association, Inc.'s Motion to Dismiss Complaint (Dkt. 11), to which Plaintiff

has responded (Dkt. 14). Upon consideration, the motions are GRANTED in part.

### *Background*

The Complaint contains the following allegations. In April, 2007, Plaintiff purchased a

condominium unit located at 700 South Harbour Island Boulevard in Tampa, Florida. Dkt. 2 ¶ 9.

The unit is serviced by a central air conditioning system. *Id.* ¶ 10.

In June, 2007, the unit sustained unspecified water damage, which was repaired by the

developer's contractors. *Id.* ¶ 11. In August, 2008, the unit was flooded with sewage water from

its guest bathroom. *Id.* ¶ 12. At that time, the property manager asserted that the flood resulted from

the accumulation of feminine hygiene items at the elbow junction of the common plumbing pipes

below Plaintiff's unit. *Id.* ¶ 13. The unit required extensive repairs, and during the repairs Plaintiff

1

was forced to stay in a hotel. *Id.* ¶¶ 14-15.

On July 1, 2009, the unit was "penetrated by water at multiple sites," and the water caused microbial propagules, *i.e.*, mold. *Id.* ¶¶ 17-18. Although Plaintiff informed Defendant Parkcrest Harbour Island Condominium Association, Inc. ("Parkcrest") of the presence of the mold, Parkcrest failed to hire a mold expert to prepare mold remediation protocols. *Id.* ¶¶ 19-20. Plaintiff still experiences water intrusion, as do many neighbors on her floor. *Id.* ¶ 22.

After obtaining damage estimates, Plaintiff submitted to Defendant USAA Casualty Insurance Company ("USAA") claims for the damage, which "should have been covered under . . . the insurance policies." *Id.* ¶ 25. USAA failed to reasonably investigate or cover the claims, failed to promptly notify Plaintiff in writing of the basis for its denial of coverage, failed to advise Plaintiff of her rights under the policies and applicable law, and made unspecified material misrepresentations as to the cause of the mold growth and regarding Plaintiff's coverage. *Id.* ¶¶ 26-34.

The Complaint asserts claims against Defendants USAA, Citizens Property Insurance, Inc. ("Citizens"), and Fidelity National Property and Casualty Insurance Company ("Fidelity") (collectively, the "Insurance Defendants") for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), breach of fiduciary duty (Count III), and for declaratory judgment (Count IV). Additionally, the Complaint asserts a negligence claim (Count V) against all Defendants.

### *Discussion*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* at 1950. A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Rule 10(b) requires a party to state each claim founded on a separate transaction or occurrence in a separate count if doing so will promote clarity.   A pleading that indistinguishably attributes acts of misconduct to unrelated defendants and incorporates by reference preceding allegations, both material and immaterial, in each count "completely disregards Rule 10(b)'s requirement that discrete claims should be plead[ed] in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citing *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996)). When faced with such a "shotgun pleading," a district court should strike the complaint and require an amended pleading that complies with Rules 8(a) and 10(b) and includes a more definite statement of the plaintiff's claims. *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

*Breach of Contract (Count I)*

USAA contends that Count I should be dismissed because it does not distinguish among Defendants but combines claims based on alleged breaches of at least three different insurance

3

policies issued by three different Defendants.[1]  The Court agrees.

Count I alleges that (a) "Plaintiff and Defendants had a written contract" for residential insurance on the unit, Dkt. 2 ¶ 38; (b) about March 16, 2009, "Plaintiff suffered a covered loss under the insurance policies when water believed to be originating from an upstairs condominium unit leaked into the common element space between the upstairs unit and the Plaintiff's unit and then into the ceiling and walls of the Plaintiff's unit causing and enrouraging the growth of toxic mold," *id.* ¶ 39; (c) Plaintiff filed claims with USAA on June 2, 2007, August 13, 2008, and July 1, 2009, *id.* ¶ 40; and (d) USAA wrongfully denied coverage of the loss, which was "not excluded or limited under the insurance policies [Plaintiff had] with Defendant USAA," *id.* ¶ 48.  Although directed at all three of the Insurance Defendants, Count I does not allege that Citizens or Fidelity denied a claim presented by Plaintiff or anyone else.[2]

In her response, Plaintiff merely states that (1) she has insurance policies with USAA and Fidelity and (2) she is party to an otherwise unspecified contract with Parkcrest to provide property management services, which Parkcrest breached by failing to protect Plaintiff's property from water damage and mold.  (Dkt. 12 at 3-4).  However, Count I is expressly directed at the Insurance

---

[1]  As to all claims, USAA also requests dismissal based on Florida pleading rules that do not govern in this removed action.  Specifically, USAA argues that Plaintiff asserts a prayer for punitive damages in violation of the requirements of Fla. Stat. § 768.72.  However, because Section 768.72's pleading requirements directly conflict with a valid Federal Rule of Civil Procedure, *see* Fed. R. Civ. P. 8(a)(3), "the pleading requirements of Florida Statutes § 768.72 are inapplicable in federal diversity cases." *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000).  USAA also argues that the Complaint fails to comply with Fla. R. Civ. P. 1.130(a), which provides that a contract "upon which action may be brought or defense made . . . shall be incorporated in or attached to the [complaint]."  However, Fla. R. Civ. P. 1.130(a) does not govern in this removed action.  *See* Fed. R. Civ. P. 81(c)(1); *Acciard v. Whitney*, No. 2:07-cv-476-Ft.M-34-SPC, 2007 WL 4557256, at *1 (M.D. Fla. Dec. 21, 2007); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla.1986) ("A reading of the plain language of Fed. R. Civ. P. 10(c) indicates that written instruments are not required to be attached to a party's pleading."); 5A Charles Alan Wright et al., Federal Practice and Procedure § 1327 ("The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief . . . is based.").

[2]  Plaintiff's response states that Citizens is Parkcrest's insurance carrier and that Fidelity insured Plaintiff's personal property in the unit. (Dkt. 12 at 1).

Defendants, not at Parkcrest.

The Court agrees that Plaintiff's failure to comply with Rule 10(b) and failure to identify clearly the pertinent insurers, policies, contracts, claims, and coverage denials renders Count I so vague and ambiguous that USAA cannot reasonably frame a responsive pleading. *See* Fed. R. Civ. P. 12(e).

*Breach of the Implied Covenant of Good Faith*
*and Fair Dealing (Count II)*

Under Florida law, "every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citing *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999)). "A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Id*. Accordingly, "a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." *Id*. at 1152.[3] The implied covenant of good faith is typically invoked "when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." *Publix Super Markets, Inc. v. Wilder Corp. of Del.*, 876 So. 2d 652, 654 (Fla. 2d DCA 2004). Where the contract specifies no standard for exercising discretion, "the implied covenant of good faith protects contracting parties' reasonable commercial expectations." *Wilder,*

---

[3] *See also Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005) ("There can be no cause of action for a breach of the implied covenant absent an allegation that an express term of the contract has been breached.") (internal quotation marks and citation omitted); *Progressive Am. Ins. Co. v. Rural/Metro Corp.*, 994 So. 2d 1202, 1207 (Fla. 5th DCA 2008) (same).

876 So. 2d at 655.

Some district courts have found common-law claims for breach of the implied covenant in the context of a first-party insurance contract to be disguised first-party bad faith claims not actionable separately from a claim under Section 624.155, Florida Statutes.[4] On March 9, 2009, the Eleventh Circuit certified to the Florida Supreme Court the questions (a) whether Florida law recognizes a separate claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time and (b) if so, whether the claim is premature if brought before the coverage litigation is concluded. *See Chalfonte Condo. Apt. Ass'n, Inc. v. QBE Ins. Corp.*, 561 F.3d 1267 (11th Cir. 2009).

Count II alleges that the Insurance Defendants breached the implied covenant by failing to investigate and pay Plaintiff's covered claims within a reasonable time. Dkt. 2 ¶¶ 55-56, 60. USAA contends that Count II should be dismissed because Plaintiff has not alleged the breach of any express contract term. In response, Plaintiff (a) requests that this Court defer ruling until the Florida Supreme Court answers the certified questions in *Chalfonte*; (b) argues that the Complaint alleges a breach of USAA's duty to pay Plaintiff's claim; and (c) contends that USAA also owes Plaintiff a duty of good faith under Section 624.155 (Dkt. 12 at 4-5[5]).

---

[4]   *See Portofino South Condo. Ass'n Of West Palm Beach, Inc. v. QBE Ins. Corp.*, 664 F. Supp. 2d 1265, 1267-69 (S.D. Fla. 2009); *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1339-42 (S.D. Fla. 2008); *Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 07-60003, 2007 WL 1424596, at *5-6 (S.D. Fla. May 14, 2007). *But see In Arlen House East Condo. Ass'n v. QBE Ins. (Europe) Ltd.*, No. 07-23199, 2008 WL 4500690, at *2-3 (S.D. Fla. Sept. 30, 2008); *Townhouses of Highland Beach Condo. Ass'n v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1310-11 (S.D. Fla. 2007); *Chalfonte Condo. Apartment Ass'n v. QBE Ins. Corp.*, No. 06-81046, 2007 WL 2225972, at *3 (S.D. Fla. Aug. 1, 2007).

[5]   Count II itself asserts that a claim based on a failure to adjust, investigate, or pay a claim was dismissed for failure to state a claim in *Trief v. American Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268 (S.D. Fla. 2006), but attempts to distinguish *Trief* on the ground that Count II is "not about Golden Rule's [sic] failure to adjust, investigate or pay a claim, but the underhanded way in which [sic] purposely stalled commencing the underwriting

The Complaint does not assert a statutory bad faith claim under Section 624.155,[6] and if it did the claim would be premature in this coverage dispute.[7] More important, as Count II is expressly based on the Insurance Defendants' failure to promptly pay Plaintiff's claims, the claim appears duplicative of Count I and is therefore due to be dismissed as redundant. *See Trief v. American Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006); *Arlen House East Condo. Ass'n, Inc. v. QBE Ins. (Europe) Ltd.*, 2008 WL 4500690, at *3 n.2 (S.D. Fla. Sept. 30, 2008) ("A claim for breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract.") (citing *Trief*, 444 F. Supp. 2d at 1270); *Regency Of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954, at *5 (S.D. Fla. Aug. 25, 2009) ("A breach of the implied covenant of good faith and fair dealing cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim.") (citing cases). Finally, as with Count I, Plaintiff's failure to distinguish among the Insurance Defendants renders the Count II so vague and ambiguous that USAA cannot reasonably frame a responsive pleading.

### Breach of Fiduciary Duty (Count III)

To state a claim for breach of fiduciary duty, a plaintiff must allege the existence of a fiduciary duty, a breach of that duty, and damages proximately caused by the breach. *Gracey v.*

---

process until the insured made a claim while continuing to collect the insured's premiums." Dkt. 2 ¶ 61. As there is no party in this action named Golden Rule and no allegation regarding any insurer's intentional delay in beginning the underwriting process, this allegation appears to have been inadvertently included in the Complaint.

[6] *See* Dkt. 2 ¶ ("Plaintiff is not seeking damages associated with bad faith insurance claims handing under Fla. Stat. [§] 624.155.").

[7] *See Chalfonte*, 561 F.3d at 1271 ("Under Florida law, an insured's § 624.155 claim does not accrue until the insured prevails against its insurer on a claim for benefits under an insurance policy.") (citing *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)).

*Eaker*, 837 So. 2d 348, 353 (Fla. 2002).

USAA contends that Count III should be dismissed because insurers have no common law fiduciary duty to an insured making claims under a first-party insurance contract. The Court agrees. *See Hogan v. Provident Life & Acc. Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *4 (M.D. Fla. July 20, 2009) (dismissing common law breach of fiduciary duty claim because it was "the equivalent of a common law bad faith claim, and Florida does not recognize a common law first-party bad faith cause of action because there is no fiduciary relationship between an insurer and an insured in this context.").[8] Additionally, as with Counts I and II, Plaintiff's failure to distinguish among the Insurance Defendants renders the Count III so vague and ambiguous that USAA cannot reasonably frame a responsive pleading.

### Negligence (Count V)

"The elements of a negligence claim under Florida law are: (1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)). The duty element of a negligence claim "focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *McCain v. Fla. Power Corp.*, 593 So. 2d 500,

---

[8] *See also State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 58 -59 (Fla. 1995) (noting that before the enactment of Section 624.155, "Florida courts had refused to recognize the tort of first-party bad faith because the type of fiduciary duty that exists in third-party actions is not present in first-party actions and the insurer is not exposing the insured to excess liability. As the court explained in *Baxter*, the relationship in a first-party bad faith action is the very antithesis of that established in third-party actions"); *Baxter v. Royal Indem. Co.*, 285 So. 2d 652, 656 (Fla. 1st DCA 1973) ("Because the interests of the insurer are wholly adverse to those of its insured [in a first-party claim under an uninsured motorist provision], no basis for a fiduciary relationship between the [the insurer and the insured] exists.").

502 (Fla. 1992). A duty may arise from four general sources: "(1) legislative enactments or administrative regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of a case." *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227-28 (Fla. 2010) (citing *Clay*, 873 So. 2d at 1185). "The fourth category encompasses 'that class of cases in which the duty arises because of a foreseeable zone of risk arising from the acts of the defendant.'" *Id.* (citing *McCain*, 593 So. 2d at 503 n.2).

Count V alleges that (a) Plaintiff's insurance claims were improperly denied owing to the failure of an unspecified Defendant to properly inspect Plaintiff's unit, Dkt. 2 ¶ 84; (b) "Defendants" breached their duty to timely secure an expert to inspect Plaintiff's unit and prepare mold remediation protocols, *id.* ¶¶ 85-86; (c) "Defendants had a duty as an adjoining landowner to ensure her [sic] property did not interfere with the use and enjoyment of another's property," *id.* ¶ 88; and (d) "Defendants" breached their duty to timely repair "a water leak originating from [Plaintiff's] unit" that resulted in mold growth, *id.* ¶¶ 89-90.

USAA contends that USAA owed no duty to prevent improper inspections by other insurers, to ensure that other insurers did not deny Plaintiff's insurance claims, to repair Plaintiff's water leaks, or to ensure that Plaintiff's property did not interfere with the use and enjoyment of anyone else's property.[9] Similarly, Parkcrest argues that Count V (i) fails to distinguish between duties allegedly owed by Parkcrest and those allegedly owed by one or more of the Insurance Defendants and (ii) fails to state facts showing that Parkcrest engaged in any conduct creating a foreseeable zone

_____

[9] Additionally, USAA contends that Count V is barred by Florida's economic loss rule. "The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). The rule generally precludes a plaintiff in contractual privity with a defendant from recovering in tort for purely economic damages arising out of a breach of the contract. *Id.* at 536-37. However, the rule does not preclude recovery for a tort committed independently of the contract breach. *Id.* at 537 (citing *HTP, Ltd. v. Lineas Aereas Costaricenses, S.A.*, 685 So. 2d 1238 (Fla. 1996)).

of risk to others and a consequent duty to Plaintiff.

In response, Plaintiff argues that Defendant Parkcrest breached a duty to Plaintiff imposed by Fla. Stat. § 718.111(11) when it failed to provide adequate common element insurance. (Dkt. 14 at 4-5). However, the Complaint does not allege that Parkcrest failed to maintain adequate insurance, and Plaintiff cannot amend the Complaint in her brief in opposition to a motion to dismiss. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Additionally, Plaintiff asserts without elaboration that Parkcrest's omission to inspect Plaintiff's unit was tantamount to misconduct. Finally, Plaintiff states that Parkcrest breached its duty not to interfere with the use and enjoyment of Plaintiff's property by failing to repair a leak in Plaintiff's unit. (Dkt. 14 at 5). In response to USAA's motion, Plaintiff asserts without explanation that "Defendants" had a duty to secure a mold expert and prepare mold remediation protocols. (Dkt. 12 at 8).

Plaintiff's failure to distinguish among Defendants and to identify clearly the duties each allegedly breached by each renders Count V so vague and ambiguous that USAA and Parkcrest cannot reasonably frame a responsive pleading.

### *Conclusion*

For the foregoing reasons, Defendant USAA Casualty Insurance Company's Motion to Dismiss (Dkt. 7) is **GRANTED** in part. Counts I, II, and V are dismissed without prejudice and Count III is dismissed with prejudice.

Defendant Parkcrest Harbour Island Condominium Association, Inc.'s Motion to Dismiss Complaint (Dkt. 11) is **GRANTED** in part. Count V is dismissed without prejudice.

The Complaint (Dkt. 2) is **STRICKEN**. On or before **February 16, 2011**, Plaintiff shall file an amended complaint consistent with this Order that complies with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Each count shall present no more than one distinct claim for relief against one Defendant and shall be stated with such clarity and precision as to enable Defendants to determine what Plaintiff is claiming and to frame a responsive pleading.

Finally, on or before **February 14, 2011**, Plaintiff shall file a response to this order showing cause why Plaintiff's claim against Defendant Citizens Property Insurance, Inc. should not be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m). Failure to comply will result in dismissal of all claims against Defendant Citizens Property Insurance, Inc. without further notice.

**DONE AND ORDERED** on this ___8th___ day of February, 2011.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

11